

**ORDERED in the Southern District of Florida on October 2, 2015.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:                                                                          Case No. 14-16715-BKC-AJC

MARIO O. MIRABALES                                                 Chapter 13

     Debtor.
_____/

### ORDER DENYING MOTION TO EXTEND MORTGAGE PAYMENTS BEYOND LIFE OF THE CHAPTER 13 PLAN

THIS CAUSE came before the Court upon the Debtor's *Motion to Extend Mortgage Payments Beyond Chapter 13 Plan Period* (DE 95). The Debtor owns investment property located at 5423 W. 22nd Court #103, Hialeah, FL (the "Property"). Seterus, Inc. filed Proof of Claim #2-1, asserting a claim in the amount of $177,279.61 secured by the Property. The Debtor challenged the value of the claim, and obtained an agreed order from the Court valuing the Property at $111,000.00 (DE 92). The Debtor's motion seeks to modify the terms of the note and mortgage by reducing the balance from $177,279.61 to $111,000.00, but maintaining the same interest rate provided under the terms of the original mortgage.

The matter was taken under advisement because, although the Debtor seeks to maintain payments in accordance with the note, long after the Chapter 13 Plan would be completed, the payments would cease upon the payment of a total of $111,000.00. The Creditor's unsecured interest would be discharged.

The Creditor argues that if the Debtor uses § 506(a)(1) and § 1322(b)(2) to bifurcate and modify the claim, the secured portion of the bifurcated claim must be paid over the life of the plan. The Creditor also argues that if the Debtor wants to use § 1322(b)(5) to extend payments beyond the life of the plan, the Debtor cannot use § 506(a)(1) and § 1322(b)(2) to bifurcate the mortgage and discharge some of the newly unsecured debt at plan completion. Although case law in this district is split on the issue, this Court has previously decided the issue – adversely to the Debtor.

In *In re Valdes*, 2010 Bankr. LEXIS 3564 (Bankr. S.D. Fla. Oct. 4, 2010), this Court ruled that a debtor may not use § 506(a) in combination with § 1322(b)(5) to reduce the secured claim and repay the claim over a period exceeding the plan [because] [s]ection 1322(b)(2) does not allow a modified secured debt to be paid over a period of time longer than the plan terms .... If a plan modifies a claim under § 1322(b)(2), the plan must provide for payment of the claim's value in full during the term of the plan. *See, In re Spencer*, No. 10-24432-RBR (Bankr. S.D. Fla. Feb. 02, 2011). This Court does not believe the Debtor can use § 506(a)(1) and §1322(b)(2) to bifurcate the mortgage, discharge some of the unsecured portions at plan completion, and then also use § 1322(b)(5) to extend payments on the secured portions beyond the life of the Chapter 13 Plan. For a debtor to take advantage of § 1322(b)(5) and extend payments beyond the life of the Chapter 13 Plan, the debtor must "maintain payments." As expressed in Judge Lundin's treatise, "maintenance of payments in § 1322(b)(5) means that the debtor must respect the

interest rate *and the monthly payment in the mortgage contract* during the plan and after completion of payments to other creditors under the plan." *See, In re Elibo*, 447 B.R. 359, 363 (emphasis added).

The Court believes it is inconsistent with the provisions of the Bankruptcy Code to permit a plan to pay a modified debt over a period longer than the plan term and still allow the debtor to be discharged at the plan's completion.

> Long term debts treated under the cure-and-maintain provision of §1322(b)(5) are excluded from the discharge that a debtor receives upon completing plan payments in a chapter 13 case. §1328(a)(1), Bankruptcy Code. But a long-term debt treated other than under §1322(b)(5) would not be excluded from discharge, thereby effectively converting the [ ] note into non-recourse debt, so that in the event of a future default, the noteholder would be limited to its *in rem* remedies against the collateral, contrary to what would appear to be Congress's intent that payment obligations not paid during the plan but extending beyond the end of the plan not be discharged.

*In re Russell, Jr.,* 458 B.R. 731, 739 (Bankr. E.D.Va. 2010). Accordingly, it is

**ORDERED AND ADJUDGED** that the Debtor's Motion to Extend Mortgage Payments Beyond Chapter 13 Plan Period **DENIED**.

###

Copies to:

Yvette Gonzalez-Costa, Esq.
Antonio Alonso, Esq.